UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE, VACATION, AND FINISHING TRADES INSTITUTE FUNDS, et al., | Civil No. 12-2977 (NLH/KMW) |
| Plaintiffs, | ORDER |
| v. | |
| COLORY METAL & GLASS, INC., | |
| Defendant. | |

**HILLMAN, District Judge**

This matter having come before the Court by way of motion [Doc. No. 5] of Plaintiffs International Union of Painters and Allied Trades District Council 711 Health and Welfare, Vacation, and Finishing Trades Institute Funds (the "Funds"), and Harry J. Harchetts, the Trustee and Fiduciary for the Funds, seeking default judgment on their claims against Defendant Colory Metal and Glass, Inc. regarding unpaid contributions to the Funds; and

Plaintiffs averring that they are entitled to $35,148.04 in damages, including interest, liquidated damages, and attorneys' fees and costs; and

Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., providing: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement," 29 U.S.C. § 1145; and

Section 502(g) of ERISA providing that when an employer violates Section 515, the court shall award the plaintiff the unpaid contributions, interest on those unpaid contributions, liquidated damages, and reasonable attorneys' fees and costs, 29 U.S.C. § 1132(g)(2); and

Federal Rule of Civil Procedure 55 providing that obtaining a default judgment is a two-step process –- first, when a defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default by the Clerk of the Court, Fed. R. Civ. P. 55(a), and second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court, Fed. R. Civ. P. 55(b); and

Plaintiffs having requested the entry of default by the Clerk, and the Clerk having entered default on June 22, 2012; and

Plaintiffs having filed a motion for default judgment pursuant to Rule 55(b); and

The Court noting that "entry of a default judgment is left primarily to the discretion of the district court," Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984), and "that the party making the request is not entitled to a default judgment as of right," Franklin v. Nat'l Maritime Union, 1991 U.S. Dist LEXIS 9819, at **3-4 (D.N.J. 1991) (citation and internal quotation marks omitted); and

The Court finding that because Defendant has failed to appear and respond to Plaintiffs' charges in this matter, Defendant is deemed to have admitted the conduct alleged in Plaintiffs' complaint, see Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) ("A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (citation and internal quotation marks omitted)); and

The Court finding that Plaintiffs would be prejudiced if denied default judgment because they have no other means of vindicating their claims against Defendant, who has not

3

responded, submitted any meritorious defenses, or otherwise offered any excusable reasons for their default, see Peterson v. Boyarsky Corp., 2009 U.S. Dist. LEXIS 30967, at *12 (D.N.J. Apr. 8, 2009); and

The Court finding that, through the affidavit of their counsel and accompanying documentation, Plaintiffs set forth the contributions and other expenses owed by Defendant, including the amounts of interest and liquidated damages determined by the terms of the documents and instruments governing the Funds, for a total of $33,277.09, see Trucking Emples. of N. Jersey Welfare Fund, Inc. v. M.J. Paquet, Inc., 2009 U.S. Dist. LEXIS 41108, at **6-7 (D.N.J. May 11, 2009) (noting that quantum of damages may be established without further proof if the amount of damages are liquidated or discernible by mathematical computation); and

The Court finding that Plaintiffs provide documentation supporting their claim for attorneys' fees and costs, for a total of $1,870.95; and

The Court finding that Plaintiffs are entitled to judgment in their favor on all the claims and damages set forth in their complaint and the motion for default judgment;

Accordingly,

**IT IS HEREBY** on this ___16th___ day of ___May___, 2013

**ORDERED** that Plaintiffs' Motion for Default Judgment [Doc. No. 5] shall be, and hereby is, **GRANTED**; and it is further

**ORDERED** that Plaintiffs are awarded the judgment of default in the amount of $35,148.04 pursuant to FED. R. CIV. P. 55(b).


At Camden, New Jersey
                                s/ Noel L. Hillman
                                          NOEL L. HILLMAN, U.S.D.J.